UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAFEWAY TRANSIT LLC and ALEKSEY SILENKO, | Civil No. 15-3701 (JRT/HB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| DISCOUNT PARTY BUS, INC., *an inactive Minnesota corporation*, PARTY BUS MN LLC, *a Minnesota limited liability company*, and ADAM FERNANDEZ, | |
| Defendants. | |

Chad A. Snyder and Michael H. Frasier, **RUBRIC LEGAL LLC**, 233 Park Avenue South, Suite 205, Minneapolis, MN 55415, for plaintiffs.

Adam E. Szymanski and Casey A. Kniser, **PATTERSON THUENTE PEDERSEN, PA**, 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402, for defendants.

Plaintiffs Safeway Transit LLC and Aleksey Silenko (collectively, "Plaintiffs") filed this Lanham Act action for infringement of three unregistered trademarks against Discount Party Bus, Inc., Party Bus MN LLC, and Adam Fernandez (collectively, "Defendants"). (Second Am. Compl., Oct. 15, 2015, Docket No. 8.) Plaintiffs allege that Defendants attempted to steal Plaintiffs' business by infringing Plaintiffs' trademarks, including "Rent My Party Bus," "952 LIMO BUS," and "Party Bus MN," and by seeking transfer of associated web domains. (*Id.* ¶ 1.) On November 14, 2016, Plaintiffs moved for Partial Summary Judgment on Count III, federal trademark infringement under 15

U.S.C. § 1125(A), and on Count VII, reverse domain hijacking under 15 U.S.C. § 1114(2)(D)(v). (Mot. for Partial Summ. J., Nov. 14, 2016, Docket No. 79.)

On July 31, 2017, United States Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiffs' motion and finding that Plaintiffs failed to show that there is no genuine dispute of material facts warranting judgment as a matter of law on either count. (R&R, July 31, 2017, Docket No. 93.) Plaintiffs filed objections on August 14, 2017, arguing that the Magistrate Judge erred in denying summary judgment for two of the three marks at issue in Count III ("Rent My Party Bus" and "952 LIMO BUS") and in finding a material fact dispute as to whether use of one of the marks ("Rent My Party Bus") was exclusive to the parties to this case. (Pls.' Obj. to R&R, Aug. 14, 2017, Docket No. 94.) The Court will exercise its discretion to receive additional evidence from Plaintiffs as to the second point, but that evidence does not impact the Magistrate Judge's sound legal rationale or conclusions. Accordingly, the Court will overrule Plaintiffs' objection and adopt the R&R.

## ANALYSIS

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs object to the Magistrate Judge's conclusion that summary judgment is not appropriate for the unregistered descriptive trademarks "Rent My Party Bus" and "952 LIMO BUS" because a material factual dispute remains over whether the terms acquired secondary meaning as to Plaintiffs' services prior to the alleged infringing use.

A party claiming ownership of an unregistered descriptive mark must show that the mark acquired secondary meaning before any alleged infringement. *Co–Rect Prods., Inc. v. Marvy! Advertising Photography, Inc.*, 780 F.2d 1324, 1330 (8th Cir. 1985). In determining secondary meaning, it is "the attitude of the consumer that is important," not

the view of the mark's user. *Id.* at 1332. The user "must show that by long and exclusive use in the sale of the user's goods, the mark has become so associated in the public mind with such goods that the mark serves to identify the source of the goods and to distinguish them from those of others." *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 870 (8th Cir. 1994). The user "need not show that consumers know their name," but does need to show "that consumers associate the [mark] with a single source," even if that source is anonymous. *Stuart Hall Co. v. Ampad Corp.*, 51 F.3d 780, 789 (8th Cir. 1995).

The problem Plaintiffs face at the summary judgment stage is that Defendants have offered evidence of prior use of both marks from 2004 through 2008 or 2009 – predating Plaintiffs' use. (R&R at 29-30, 38-39.) In response, Plaintiffs contend that Defendants abandoned any rights they might have had in the marks by failing to use them from 2008 or 2009 through 2014. For a Lanham Act claim, a mark is deemed abandoned "[w]hen its use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. Three years of non-use creates a rebuttable prima facie presumption of a party's intent not to resume use. *Id.* A party alleging abandonment has the burden of proving it by clear and convincing evidence. *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1010 (8th Cir. 2011). Here, Defendants' admitted five to six years of non-use would create a rebuttable presumption

that they abandoned the marks, but Defendants' eventual resumption of use might serve to rebut that presumption in the minds of a jury.[1]

But even a finding of abandonment would not get Plaintiffs over the hurdle of proving that the marks had acquired secondary meaning as to Plaintiffs' own services. The Magistrate Judge correctly stated that the evidentiary burden in this case is on Plaintiffs, not Defendants: "the issue here is not whether Defendants had enforceable rights in the mark themselves, but rather whether Plaintiffs had acquired such rights." (R&R at 30.) Even if Defendants lost any right to enforce the marks due to abandonment, it does not necessarily follow that Plaintiffs subsequently gained such a right. First, Plaintiffs must show that the public identified the marks with them.

Whether secondary meaning exists is a question of fact, and as such it is generally ill-suited for determination at summary judgment. *See First Bank v. First Bank Sys., Inc.*, 84 F.3d 1040, 1046 (8th Cir 1996). The inquiry is necessarily data-intensive, because it looks to how a mark is perceived by consumers. *Id.* at 1045. Thus, evidence of advertising is a factor, but is not itself sufficient. *Id.* at 1045-46. Other factors include consumer surveys, deliberate copying, and anecdotal evidence showing consumer

---

[1] Plaintiffs refer to two inapposite out-of-circuit cases on this point. In *Emergency One, Inc. v. American Fire Eagle Engine Co.*, 332 F.3d 264, 269 (4th Cir. 2003), the Fourth Circuit held that a jury's finding of abandonment defeats a priority claim. Notably, in a previous appeal in the same case, the Fourth Circuit held that the question of intent – at least on the facts of that case – was properly to be decided by a jury, not on summary judgment. 228 F.3d 531, 537 (4th Cir. 2000). In *Casual Corner Associates, Inc. v. Casual Stores of Nevada, Inc.*, 493 F.2d 709, 712 (9th Cir. 1974), the Ninth Circuit interpreted the plain text of 15 U.S.C. § 1065 to hold that a common law mark holder must show "continuing use," irrespective of intent, to defeat the incontestability of a registered mark holder. The marks at issue here are unregistered.

identification. *Stuart Hall*, 51 F.3d at 789-90. The Magistrate Judge found, and Plaintiffs do not contest, that the record has little evidence to inform this analysis – Plaintiffs have provided no customer surveys, no concrete sales or customer data, no market analysis, and no specifics on advertising. (R&R at 33, 40.)

Plaintiffs argue that the Magistrate Judge failed to give due weight to evidence that Defendants knew Plaintiffs were using the marks at issue when Defendants began the alleged infringing use. Again, though, credibility determinations as to Defendants' evidence of prior use and intent are required to decide whether the alleged infringing use of the marks was deliberate copying or merely a resumption of prior use. The Magistrate Judge was thus correct to conclude that this is a matter for a jury, not the Court, to decide.

Five years of exclusive and continuous use creates a prima facie case that a descriptive mark has acquired secondary meaning. 15 U.S.C. § 1052(f); *Stuart Hall*, 51 F.3d at 789 (applying *Two Pesos Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)). Plaintiffs do not dispute that they cannot make a prima facie case for the "952 LIMO BUS" mark because they have only claimed exclusive use from 2011 through 2014. (R&R at 32-33.) Plaintiffs do claim sufficient exclusive use of the "Rent My Party Bus" mark, relying on Defendants' admission that no new advertising materials using the mark were created after 2008 or 2009 and a new declaration stating that no other parties used the mark during the time in question.[2] But as the Magistrate Judge noted, Fernandez

---

[2] The Magistrate Judge held that Plaintiffs failed to carry their burden to make a prima facie case that the mark "Rent My Party Bus" was not used by third parties in the market. (R&R

(Footnote continued on next page.)

testified that he had seen the advertisements posted in bathroom stalls in the recent past. (R&R at 38.) Again, because the inquiry looks to consumer perception, it is more important when the advertising was seen than when it was published. Defendants' evidence may be rather tenuous, but in the absence of more data from Plaintiffs, it is sufficient to show a genuine issue of material fact as to whether Plaintiffs' use was truly exclusive for the requisite five years.

Creatively, Plaintiffs seek to establish secondary meaning through a syllogism: concurrent use of a descriptive term can only cause confusion if the term has secondary meaning; Defendants admitted that concurrent use of the descriptive terms at issue is likely to cause confusion and that the descriptive terms at issue had secondary meaning when used by Defendants; therefore, Defendants agree that the descriptive terms at issue have secondary meaning. That conclusion is correct as far as it goes: the parties to this case both believe that the marks at issue have secondary meaning as to their own services. A reasonable jury could find for either party – or, because consumer perception controls the inquiry into secondary meaning, it could find that **both** parties are wrong.

_____
(Footnote continued.)

at 39.) Plaintiffs now seek to resolve that shortcoming with a supplemental declaration. (Decl. of Aleksey Silenko in Supp. of Pls.' Obj. to R&R, Aug. 14, 2017, Docket No. 95.) Defendants ask that the Court decline to exercise its discretion to consider this new evidence because Plaintiffs could have submitted it to the Magistrate Judge. The Court has no obligation to accept new evidence, *see United States v. Jaunich*, No. 13-183, 2014 WL 1026331, at *12 (D. Minn. Mar. 14, 2014), but it nonetheless "has discretion to receive new evidence without any special justification." *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014). The Court exercises its discretion to consider Plaintiffs' evidence and concludes that it does not impact the Magistrate Judge's legal rationale or conclusions.

Therefore, Plaintiffs' syllogism cannot support the claim that "*someone* must own the marks," let alone the subsequent deduction that, if Defendants abandoned the marks, Plaintiffs necessarily must be that someone. (Pls.' Obj. to R&R at 12.)

The anonymous source doctrine of *Stuart Hall* does not enable Plaintiffs to bypass this fundamental failing. It is true that Plaintiffs are not required to show that consumers think of them by name. But Plaintiffs **are** required to show that "consumers associate the [mark] with a single source," even if that source is anonymous. *Stuart Hall*, 51 F.3d at 789. The Magistrate Judge agreed that Plaintiffs do not have to show that consumers think of Safeway Transit by name, but correctly held that Plaintiffs failed to show that there was no genuine issue of material fact as to whether consumers think of them – even anonymously – as the single source. (R&R at 31-32.)

Secondary meaning is not some abstraction found in the ether; it must be traced to a single source. For Plaintiffs to prevail at trial, a jury must find that Plaintiffs were that single source. For Plaintiffs to prevail at summary judgment, Plaintiffs must show that no reasonable juror could think otherwise. On this record, Plaintiffs have not met that burden. Even if Defendants did abandon the marks, the Court finds that the evidence is insufficient to conclude as a matter of law that the marks had acquired secondary meaning as to Plaintiffs' services. Accordingly, the Court will overrule Plaintiffs' objection, adopt the R&R, and deny Plaintiffs' motion for partial summary judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiffs' objection [Docket No. 94], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 93].

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Docket No. 79] is **DENIED**.

DATED: September 28, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                               Chief Judge
                                           United States District Court